■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE BENYON, Appellant.—

We reject the defendant's argument that she was denied her constitutional right to a fair trial by virtue of the ineffectiveness of trial counsel. The record reveals that trial counsel proceeded as effectively as possible in light of the defendant's admission of her continuing sales of marihuana and the testimony of undercover police officers and a confidential informant, which testimony was supported by audio and videotapes revealing that the defendant procured cocaine for the police on two separate occasions. The success of defense counsel's representation is evidenced by the fact that the defendant was acquitted on the counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree with respect to the first of the two drug transactions wherein the court credited the agency defense that the defendant was merely acting as the agent for the buyer. Nor do we agree with the defendant's argument that counsel should have moved for a severance since she has made no showing that the offenses were not properly joinable pursuant to CPL 200.20 (2) or that she had important testimony to give as to one of the drug transactions and not as to the other *(see, People v Lane,* 56 NY2d 1; *People v Mack,* 111 AD2d 186; *People v Gilmore,* 106 AD2d 399).

In sum, on our review of the record, we are satisfied that the defendant received meaningful representation and was not denied a fair trial (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137; People v Aiken, 45 NY2d 394).

As the sentence imposed upon the defendant was within the bounds of the applicable sentencing statute and was not excessive under the circumstances of this case, we decline to disturb it and reject the defendant's argument that she was penalized for invoking her right to trial (see, People v Pena, 50 NY2d 400, cert denied 449 US 1087; People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and conclude that they are either unpreserved for appellate review or are wholly without merit. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.