■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 5, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he and his brother sold cocaine to undercover police officers who videotaped the sale. The videotape was admitted at trial, after which the defendant was convicted of criminal sale and criminal possession of a controlled substance in the third degree. Prior to trial, the defendant's brother agreed to a plea bargain arrangement under which he was required to testify against the defendant. The defendant's brother subsequently appeared at trial and testified on the People's behalf that he and his brother had sold cocaine to the undercover officers.

On appeal, the defendant argues, inter alia, that the trial court improperly limited his cross-examination by precluding his attorney from inquiring into his brother's use of drugs prior to the date of the transaction in question. We disagree. It is well settled that the scope and extent of cross-examination is committed to the sound discretion of the trial court (see, e.g., People v Schwartzman, 24 NY2d 241, 244; People v Sorge, 301 NY 198, 202; see also, People v Almeida, 159 AD2d 508; People v Williams, 142 AD2d 310, 315). Here, the court permitted the defendant's counsel to extensively cross-examine the defendant's brother with respect to his prior sale of crack cocaine, his criminal history, including a conviction for

possession of a hypodermic needle, and his use of cocaine on the day when the drug sale in question occurred. In light of the more than ample latitude afforded counsel in exploring the witness's character and his involvement with drugs, it cannot be said that the court's ruling in limiting counsel's inquiries constituted an improvident exercise of discretion.

As the People concede, the court erred in permitting the People to recall one of the officers involved in the sale and to utilize portions of a second videotape to rebut the defendant's testimony that he had never spoken to this officer prior to the drug sale. Nevertheless, any error committed in this respect was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or lacking in merit. Brown, J. P., Kooper, Eiber and O'Brien, JJ., concur.