■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BOLLING, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered May 23, 1988, convicting him of criminal sale of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from the sale of crack-cocaine to a police informant on three separate occasions. The conversations between the defendant and the informant were tape recorded. At trial, defense counsel's requests that the court redact certain portions of the recordings in which the defendant referred to uncharged crimes, including a prior sale of crack-cocaine to another individual, were denied. Additionally, the trial court restricted defense counsel's cross-examination as to certain aspects of the informant's employment relationship with the police and her prior use of drugs. On appeal, the defendant contends that the cumulative effect of these rulings deprived him of a fair trial. We disagree.

Although the challenged statements concerning uncharged

crimes would have been more appropriately redacted, we find that, viewing the record as a whole, the proof of the defendant's guilt was overwhelming and, therefore, the error was harmless *(see, People v Cook,* 42 NY2d 204; *People v Crimmins,* 36 NY2d 230; *People v Cody,* 149 AD2d 722).

Furthermore, the scope and extent of cross-examination is within the sound discretion of the trial court *(People v Sorge,* 301 NY 198, 202). In the present case, defense counsel was afforded extensive leeway in questioning prosecution witnesses on the controverted topics. Counsel was permitted to inquire, *inter alia,* into how long the informant had worked for the police and how much she was paid, as well as the informant's prior addiction to cocaine and her drug use at the time of the purchases from the defendant. Therefore, the limitations imposed by the court did not constitute an improvident exercise of discretion *(see, People v Brown,* 162 AD2d 695).

Finally, we decline to disturb the sentence *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.