■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODGER JONES, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Groh, J.), rendered October 19, 1989, convicting him of murder in the second degree, manslaughter in the first degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's argument that the court failed to make a sufficient inquiry prior to denying his requests for new counsel. The court, with good reason, regarded these last-minute requests as dilatory tactics, and the vague reasons offered by the defendant did not compel further investigation (cf., People v Sides, 75 NY2d 822).

We do, however, agree with the defendant that the trial court erroneously permitted his written and videotaped confessions, which contained references to prior uncharged crimes, to be submitted for the jury's consideration in their entirety (see generally, People v Loomis, 178 NY 400). Although the defendant's statements were descriptive of what could be considered a one-night crime spree, we cannot conclude that those portions of the statements which recited the events that ultimately culminated in the shooting were so "inextricably interwoven" with the description of the shooting as to be admissible on that basis (see, People v Ely, 68 NY2d 520, 529; People v Ventimiglia, 52 NY2d 350). However, in light of the overwhelming proof of guilt, the error was harmless (People v Cook, 42 NY2d 204; People v Crimmins, 36 NY2d 230; People v Bolling, 167 AD2d 345).

Any error concerning the court's failure to deliver a limiting instruction with respect to the uncharged crimes is unpreserved for appellate review because no such instruction was requested, and no objection was registered on this ground (see, People v Mascoli, 166 AD2d 612; People v Bailey, 133 AD2d 462).

We further find that the trial court erred in denying the defendant's motion to preclude identification testimony by one of the eyewitnesses as the People failed to show good cause for their failure to serve a timely notice pursuant to CPL 710.30 (see, People v Bernier, 73 NY2d 1006; People v O'Doherty, 70 NY2d 479). Nevertheless, we find that this error was also harmless in view of the overwhelming proof of the defendant's

guilt *(see, People v Taylor,* 155 AD2d 630; *cf., People v O'Doherty, supra; People v McMullin,* 70 NY2d 855).

The contentions raised in the defendant's supplemental *pro se* brief are either without merit or unpreserved for appellate review. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.