■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS FELICIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J., at plea; Coffinas, J., at sentencing), rendered October 3, 1989, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On February 18, 1977, the defendant held a subway door open on a "J" train in Brooklyn while his codefendant stabbed the complainant in an attempted robbery. Both the defendant and the codefendant, along with six of their companions, were apprehended at the crime scene. The eight of them were

immediately taken to the New York City Transit Police District Office, which was about one block away. Within about 10 minutes of the crime, the complainant's companion identified the defendant as the person who held the subway door open. At the time of the identification, the defendant was sitting on a bench with the seven others in a detention room.

There is no merit to defendant's contention that the identification by the eyewitness should have been suppressed as an improper "showup identification". This identification was in the nature of a lineup, since the police "at least * * * place[d] others in the room besides the suspects and their obvious custodians" *(People v Adams,* 53 NY2d 241, 249; *cf., People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020). Notably, the defendant does not allege that the identification was suggestive due to any differences in his appearance and the appearance of others. In fact, the defendant and his seven companions were all young Hispanic males.

Further, the identification procedure occurred shortly after the crime, and a block away from the crime scene. The need for an immediate identification justified the procedure.

The defendant suggests on appeal that his arrest was without probable cause. However, this contention is not preserved for appellate review because the defendant never sought suppression of any evidence on the ground that he was arrested without probable cause, nor did he make any factual allegations tending to support such a claim *(see, People v Leonard,* 154 AD2d 400). In any event, we note that the record reflects that the arresting officers had probable cause to arrest him, as they acted in proper reliance upon information from fellow policemen and civilian witnesses at the scene *(see, People v Robinson,* 122 AD2d 173). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.