■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SHEPPARD, Appellant.—Appeal by the defendant from four judgments of the Supreme Court, Queens County (Lakritz, J.), all rendered January 10, 1989, convicting him of robbery in the second degree (three counts; one count as to Indictment Nos. 3769/87, 3770/87, and 3847/87, respectively), and robbery in the first degree (two counts) and assault in the first degree (two counts) under Indictment No. 4928/87, upon jury verdicts, and imposing sentences, and a judgment of the same court (Chetta, J.), rendered January 5, 1990, convicting him of robbery in the first degree under Indictment No. 4611/87, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The court's *Sandoval* ruling that the defendant could be impeached by his previous robbery convictions was not an improvident exercise of its discretion *(see, People v Mackey,* 49 NY2d 274, 281; *People v Ellis,* 162 AD2d 611; *People v Woods,* 158 AD2d 566; *People v Branch,* 155 AD2d 475).

The defendant challenged the admissibility of a videotaped statement on voluntariness grounds alone, and his decision to proceed to trial without objecting to its narrative of uncharged crimes amounts to a failure to preserve the issue of the admissibility of evidence of uncharged crimes for appellate review. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.