■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HICKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 17, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 5:30 P.M. on May 23, 1990, an undercover officer from the Queens Tactical Narcotics Team approached the defendant as he stood on the corner of 103rd Street and Northern Boulevard. The officer asked the defendant whether he was "working", to which the defendant responded affirmatively, but explained that there were no drugs available at that time, and that the officer would have to wait until the defendant's companion returned with more. While the officer waited on the corner, the defendant crossed the street where he met with the codefendants Glen Bennett and Donald Grayson. The officer observed Grayson hand Bennett a brown paper bag, after which the defendant and Grayson returned to the location where the officer was standing. In the meantime, as the officer waited, approximately ten other persons had gathered on the corner. At trial, the undercover officer was permitted to testify that prior to making the purchase for which the defendant was ultimately charged, he observed the defendant direct Grayson to make sales to several of the other individuals who had gathered on the corner while the defendant and his codefendants were across the street.

We reject the defendant's contention that the trial court's admission of the undercover's testimony concerning the uncharged sales was error. The testimony was properly admitted to demonstrate that the defendant was acting in concert with Grayson (see, People v Jackson, 39 NY2d 64). Although the trial court did err in failing to deliver the appropriate limiting instructions concerning the purpose for which the controverted evidence was being admitted (see, People v Williams, 50 NY2d 996; cf., People v De Jesus, 189 AD2d 774 [decided herewith]), the defense counsel neither requested a limiting in-

struction nor objected to the charge as given, and, therefore, the error is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, viewing the record as a whole, the jury was adequately apprised of the fact that they must conclude beyond a reasonable doubt that the defendant made the sale to the undercover officer in order to convict him *(see, People v Williams, supra).*

Without merit is the defendant's argument that the court improperly denied his motion for a mistrial, made on the ground that he was surprised by the evidence of the uncharged sales, and did not have an adequate opportunity to reformulate his defense accordingly. Upon a review of the trial record, we conclude that the defendant was not deprived of a fair trial as a result of having been first informed of the evidence of uncharged sales after *voir dire* and the swearing of the jury, and prior to defense counsel's opening statement *(see,* CPL 280.10 [1]). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.