■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CHAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered August 20, 1990, convicting him of assault in the second degree and criminal trespass in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the trial the testimony established that the defendant pushed his way into the victim's apartment, refused to leave, and hit the victim with a chair and a beer bottle. As a result of the assault, the victim sustained injuries to her forehead and her arm which required stitches.

We agree with the defendant that the trial court erred in allowing testimony regarding his statement to the victim that "I'll kill you, too, bitch, like I killed Andrew" to the extent that the trial court permitted a reference to the defendant's admission that he "killed Andrew". That was an unrelated crime, not probative of the defendant's intent or motive to commit the charged offenses (see, People v Alvino, 71 NY2d 233; People v Ventimiglia, 52 NY2d 350). However, this error does not warrant reversal in light of the overwhelming evidence of the defendant's guilt, including the testimony of

three eyewitnesses who knew the defendant prior to the incident *(see, People v Crimmins,* 36 NY2d 230).

Moreover, the trial court properly refused to direct the prosecutor to produce the Assistant District Attorney's Grand Jury Synopsis Sheet. The synopsis sheet merely contained a summary of the events leading to the charges against the defendant and the information was not attributed to any of the prosecution witnesses. Therefore, the synopsis sheet was not *Rosario* material and the prosecutor was not required to give it to the defendant *(see, People v Lebron,* 184 AD2d 784; *People v Miller,* 183 AD2d 790; *People v Williams,* 165 AD2d 839, *affd* 78 NY2d 1087).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, Pizzuto and Santucci, JJ., concur.