■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KANE, Also Known as RICHARD JOHNSON, Appellant. [596 NYS2d 716] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered June 25, 1990, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KANE, Also Known as RICHARD JOHNSON, Appellant. [595 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered September 18, 1990, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to a fair trial was violated by the prosecutor's remarks during opening and closing statements, coupled with the testimony of a police officer, implying the defendant's guilt of an unrelated burglary just prior to his arrest leading to this indictment. We find that the prosecutor's remarks, coupled with certain testimony of the police officer constituted error, since neither the remarks

nor the testimony were necessary to complete the narrative *(cf., People v Gines,* 36 NY2d 932). However, in light of the overwhelming proof of guilt, the error was harmless *(see, People v Jones,* 182 AD2d 708).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or do not require reversal. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.