■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DUFFY, Appellant. [614 NYS2d 797] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered November 16, 1992, upon a verdict convicting defendant of six counts of the crime of criminal sale of a controlled substance in the third degree.

At defendant's trial, two witnesses testified that they had, as confidential informants, assisted members of the Village of Liberty Police Department in an ongoing investigation of drug trafficking in the Village and that, as part of the investigation, they had each purchased cocaine from defendant on several occasions. Testimony was also furnished by the Village's Police Chief, Edward Eisely, who orchestrated the controlled buys, and by a police chemist who analyzed the substances obtained. Defendant, convicted of six of the seven counts with which he was charged, appeals his conviction and sentence.

Initially, defendant maintains that his conviction must be reversed, and a new trial ordered, because of the People's failure to turn over original notes made by Eisely while monitoring the buys. Eisely purposely destroyed these notes after completing "buy sheets" detailing each transaction. The People acknowledge that the failure to produce the notes was a violation of defendant's rights as established by CPL 240.45 (1) (a) and *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), but they contend that, in view of the fact that the notes were unavailable at trial and, according to Eisely, consisted only of entries recording the times when the informants entered and left the premises where the transactions allegedly occurred, the negative inference charge given by County Court was sufficient to ameliorate any possible prejudice to defendant. We agree.

When *Rosario* material has been lost or destroyed, and for that reason cannot be produced by the People, the trial court must, in the exercise of its discretion, fashion an appropriate sanction *(see, People v Banch,* 80 NY2d 610, 616) which shields the defendant from prejudice and protects the interests of society *(see, People v Kelly,* 62 NY2d 516, 520). While it is improper, under these circumstances, for the trial court to refuse to impose any sanction, outright dismissal—urged by

defendant—is "an extreme sanction which 'should not be invoked where less severe measures can rectify the harm done by the loss' " *(People v Banch, supra,* at 616, quoting *People v Kelly, supra,* at 521).

Although defendant urges that the missing notes may have included some indication of the identity of the persons seen at the premises, it suffices to note that defendant was well known to Eisely and to both informants. There was, therefore, no significant probability of confusion concerning identity *(see, People v Morillo,* 181 AD2d 532, *lv denied* 80 NY2d 835). Moreover, in assessing the likelihood of prejudice, the trial court may consider evidence that tends to shed light on the actual content of the missing material *(see, People v Banch, supra,* at 616), including in this case Eisely's testimony that the notes consisted solely of time notations. We cannot say that County Court's decision to limit the sanction to an adverse inference instruction was injudicious *(see, People v Martinez,* 71 NY2d 937, 950).

Defendant also argues that he was impermissibly prejudiced by the People's failure to disclose, prior to trial, the details of the consideration received by one of the informants in exchange for his cooperation and testimony. This information was, however, fully revealed during the witness's direct examination, and was probed in detail by the defense attorney on cross-examination. Defendant's claim of prejudice is thus unavailing *(see, People v Cortijo,* 70 NY2d 868, 870; *People v Tessitore,* 178 AD2d 763, 764, *lv denied* 79 NY2d 1008).

The only other issue raised by defendant that warrants comment is the assertion that it was error for County Court to permit the People to introduce evidence of a conversation between defendant and one of the informants regarding a proposed future drug sale that was, apparently, never consummated. The court had originally ruled that this conversation would not be admissible, but after the defense attorney proclaimed in his opening statement that defendant had been merely an innocent observer, the court reversed its ruling and allowed evidence of the conversation to be presented.

This ruling was proper because, with regard to the sale in question, defendant had been charged with acting in concert with others to accomplish the transaction. Proof of a shared purpose was relevant to the crime charged, and defendant's activities during the time period in which the sale was consummated, including the conversation at issue, were consequently admissible to establish that purpose *(see, People v*

*Jackson,* 39 NY2d 64, 68; *People v Hicks,* 189 AD2d 782, *lv denied* 81 NY2d 972). Inasmuch as the jury was given a proper limiting instruction regarding the use of this evidence, defendant suffered no appreciable prejudice.

Defendant's other contentions were either unpreserved for review or lack merit.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.