■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAUTHEN, Appellant. [617 NYS2d 846] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered March 16, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Early in the morning of July 15, 1989, the defendant shot the victim in the chest at close range. The defendant committed this act because he believed that the victim knew who had robbed two drug dealers employed by him. Immediately before pulling the trigger, an eyewitness heard the defendant say to the victim, "Who robbed my boys?"

The prosecutor informed the court and defense counsel prior to trial that the People's eyewitness would testify to the defendant's words immediately before the shooting, so as to avoid surprise on the issue of any uncharged drug sales participated in by the defendant. After some discussion of the matter, the defense counsel withdrew any objection to the prospective testimony. The defendant failed to object to the testimony at trial and/or to request instructions limiting the jury's use of the statement. For all these reasons, he failed to preserve the issue of the admissibility or use of the statements for appellate review *(see,* CPL 470.05 [2]; *People v Williams,* 50 NY2d 996; *People v Hicks,* 189 AD2d 782, 783; *People v Parsons,* 150 AD2d 614, 615). In any event, although it would have been better practice to caution the jury on the limited use of the evidence, i.e., solely to establish the defendant's motive and not for any and all purposes *(see, People v Molineux,* 168 NY 264), both at the time that it was introduced and again during the charge at the end of the case *(see, People v Williams, supra,* at 998), the failure to do so was harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them lacking in merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.