■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAISSON FOSTER, Appellant. [620 NYS2d 483] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered August 12, 1992, convicting him of attempted murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that reversible error took place when the trial court failed to redact a portion of his videotaped statement in which he stated that he had possessed an illegal firearm on a prior occasion, thereby making a reference

to an uncharged crime. However, any error associated with not redacting that portion of the videotape was harmless due to the instruction of the court and the overwhelming evidence of guilt. The court's limiting instructions, given immediately after the showing of the videotape and during the charge, obviated any potential prejudice to the defendant by ensuring that the jury did not employ the challenged evidence for an improper purpose *(see, People v Randall,* 177 AD2d 661). Further, any error was harmless due to the overwhelming evidence of guilt *(see, People v Jones,* 182 AD2d 708; *People v Bolling,* 167 AD2d 345).

The defendant claims that the court improperly interjected itself into the proceedings through cross-examination and by repeating the answers of the witnesses. To the extent that this claim is preserved for appellate review, it is without merit. The record indicates that the trial court only intervened to the extent of clarifying the testimony and ensuring that the jury heard and understood the evidence presented *(see, People v Robinson,* 137 AD2d 564). Finally, the defendant was not denied a fair trial where he was absent from a pre-charge conference, as the defendant had no right to be present where only questions of law or procedure were discussed *(see, People v Velasco,* 77 NY2d 469). O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur.