■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WEAVER, Appellant. [635 NYS2d 861] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of seven counts of rape in the third degree, six counts of incest, two counts of endangering the welfare of a child and one count each of rape in the first degree and sodomy in the third degree, defendant contends, *inter alia,* that the court erred in admitting the testimony of an expert regarding child sexual abuse syndrome. We disagree. The expert's testimony was offered to explain behavior of a victim of sexual abuse that was otherwise not in the common understanding of the average juror *(see, People v Bennett,* 79

NY2d 464, 473; *People v Taylor,* 75 NY2d 277, 293). That testimony was not offered to prove that the complainants were sexually abused.

There is no merit to the contentions of defendant that he was prevented from presenting an effective defense because the trial court improperly failed to disclose certain documents contained in the files of the Erie County Department of Social Services and improperly restricted defendant's cross-examination of the complainants; that the prosecutor was improperly permitted to amend four counts of the indictment that charged defendant with incest by omitting the word "deviate" preceding the term "sexual intercourse"; and that defendant was denied his constitutional right to be tried only on those crimes and theories charged under count 18 of the indictment.

Defendant failed to preserve for our review his contention that the prosecutor erred in failing to request, and that the court erred in failing to conduct, a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) regarding evidence of defendant's prior bad acts and crimes *(see, People v LaDolce,* 196 AD2d 49, 57). In any event, while we agree with defendant that a *Ventimiglia* hearing should have been requested by the prosecutor and conducted by the court, those errors are harmless in light of the overwhelming evidence of defendant's guilt. There is no significant probability that the jury would have acquitted defendant but for the admission of that evidence *(see, People v Crimmins,* 36 NY2d 230, 242).

The belated argument that defendant was denied effective assistance of counsel was not raised in his appellate brief and, therefore, is not properly before us *(see, Lamphear v State of New York,* 91 AD2d 791).

Furthermore, from our review of the record, we conclude that the sentence is neither unduly harsh nor severe. Lastly, we have reviewed the remaining contentions advanced by defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.— Rape, 1st Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.