■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORRAINE GRINDLEY, Appellant. [663 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered July 26, 1995, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When the defendant returned to his home on the evening of September 16, 1994, he discovered his wife sitting with the complainant on the loveseat in the living room. The defendant became enraged and ordered the complainant to leave. As the complainant was driving away, the defendant allegedly fired a gun and hit the back door on the driver's side of the complainant's car. At the trial, the defendant, who testified on his own behalf, insisted that he had a good marriage and denied shooting at the complainant. The prosecution was permitted, over objection, to call the defendant's wife as a rebuttal witness to testify about their marital relationship. The defendant contends that his wife's testimony was improperly admitted for the sole purpose of impeaching his credibility on a collateral issue. We disagree.

" 'The question of whether to permit the introduction of

rebuttal evidence rests within the sound discretion of the trial court and the court's decision in that regard should not be disturbed on appeal absent a clear abuse or improvident exercise in discretion'" (*Coopersmith v Gold,* 223 AD2d 572, 574, *affd* 89 NY2d 957; *Capone v Gannon,* 150 AD2d 749, 750). Although the testimony of the defendant's wife tended to impeach his credibility, the subject of their marriage was not a collateral issue and was properly introduced as rebuttal evidence (*see, People v Gross,* 171 AD2d 810; *People v Medina,* 130 AD2d 515). Bracken, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.