■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v POMIE TORRES, Appellant. [693 NYS2d 157] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered February 7, 1997, convicting him of at-

tempted murder in the second degree, assault in the first degree, and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of various crimes arising from an incident wherein he stabbed his estranged wife seven times with an ice pick and stole various items, including the wife's green card and food stamps. The husband did not deny that he stabbed the wife. Rather, his defense was that the stabbing was in self-defense after the wife threatened him with a knife and bit his hand.

Contrary to the defendant's arguments on appeal, the court did not err in permitting the People to question the wife concerning two prior incidents wherein she was assaulted by the defendant (*see, People v Alvino,* 71 NY2d 233). Indeed, the defendant does not dispute that such evidence was probative of his intent herein, but rather only that the prejudicial effect of such evidence outweighed its probative value (*see, People v Hudy,* 73 NY2d 40; *People v Alvino, supra*). However, on the facts presented, including, *inter alia,* the defendant's argument as to self-defense, the court did not improvidently exercise its discretion in balancing the competing considerations and permitting the evidence (*see, People v Hawker,* 215 AD2d 499). Moreover, the court issued proper limiting instructions concerning such evidence (*see, People v Foster,* 211 AD2d 640; *People v Randall,* 177 AD2d 661).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.