(November 10, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM O. SMITH, Appellant. [698 NYS2d 343] —Spain, J. Ap-

peals (1) from a judgment of the County Court of Rensselaer County (Lamont, J.), rendered February 9, 1996, upon a verdict convicting defendant of the crime of robbery in the first degree, and (2) by permission, from an order of said court (McGrath, J.), entered September 24, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant was convicted of robbery in the first degree as a consequence of his January 1995 assault upon a 70-year-old woman in the City of Troy, Rensselaer County, during which he forcibly seized her purse causing her to fall and break her arm (see, Penal Law § 160.15 [1]). At trial, the People presented the testimony of an eyewitness who had observed defendant at close range fleeing with the purse and rummaging through it, and who identified defendant in court. Defendant was sentenced as a second felony offender to 8½ to 17 years in prison. Thereafter, County Court granted defendant a hearing on his CPL 440.10 motion, which it later denied. Defendant appeals from the judgment of conviction and, with permission, from the denial of his CPL 440.10 motion, raising numerous issues, none of which warrant disturbing the judgment and order appealed from.

As an initial matter, we find that County Court acted within the proper bounds of its discretion in electing to provide an adverse inference charge as a sanction for the People's destruction or loss of a sketch drawn by the eyewitness during a pretrial meeting with the prosecution (see, People v Banch, 80 NY2d 610, 616; People v Martinez, 71 NY2d 937, 940; People v Haupt, 71 NY2d 929, 931). Assuming, without deciding, that the sketch of the area where the sole-testifying eyewitness observed defendant with the purse was Rosario material (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866; see also, CPL 240.45 [1] [a]; 240.20 [1] [d]), the imposition of an adverse inference charge as a sanction rather than dismissal of the charges or preclusion of the witness's testimony was adequate and appropriate under the circumstances, especially in light of County Court's well-founded conclusion that its destruction was inadvertent and without prejudice to defendant (see, People v Banch, supra, at 616; People v Martinez, supra, at 940; People v Haupt, supra, at 931; People v Kelly, 62 NY2d 516, 521; People v Duffy, 206 AD2d 679, lv denied 84 NY2d 907; cf., People v Wallace, 76 NY2d 953, 955). Contrary to defendant's contentions, "[d]ismissal of the charges is an extreme sanction which 'should not be invoked where [as here] less severe measures can rectify the harm done by the loss' of the material" (People v Banch, supra, at 616, quoting People v Kelly, supra, at 521).

Defendant's remaining contentions are not preserved for appellate review and, in any event, do not constitute reversible error. Defendant failed to raise any objection at trial to the alleged improper remarks by the prosecutor in his opening statement, thus waiving appellate review (*see, People v Luperon*, 85 NY2d 71, 78). Upon our review of the challenged statements and the opening statement as a whole, we find no prejudice or improper vouching for any witness's credibility (*see, People v Dexheimer*, 214 AD2d 898, 901, *lv denied* 86 NY2d 872). Defendant also argues that police violated his 4th Amendment rights when, without exigent circumstances or a warrant, they entered and searched the apartment where he was staying at the time of this crime as a result of which they found and arrested him, but defendant concedes that this issue was not raised before County Court. Defendant is thus precluded on preservation grounds from advancing this constitutional claim on appeal. We may not consider the trial record in connection with this suppression issue and, in any event, the record on appeal is inadequate to determine the legality of the search and defendant's subsequent arrest or even defendant's standing to challenge the search (*see, People v Gonzalez*, 55 NY2d 720, 722, *cert denied* 456 US 1010; *People v Martin*, 50 NY2d 1029, 1031).

Regarding defendant's contention that there were two instances in which police officers' testimony impermissibly bolstered the sole eyewitness's identification of defendant, the record reflects that in the first instance defense counsel did not object but County Court immediately interjected, cutting off the officer's improper testimony. In the second instance, defense counsel failed to timely object and County Court ultimately struck the improper testimony and provided a curative instruction to the jury to disregard that testimony. This issue is thus unpreserved (*see, People v Luperon, supra*, at 78) and any error was most certainly harmless in view of the eyewitness's unequivocal and well-grounded identification testimony (*see, People v Cruz*, 214 AD2d 952, 952-953, *lv denied* 86 NY2d 793) and the overwhelming evidence of defendant's guilt (*see, People v Johnson*, 57 NY2d 969, 970; *People v Crimmins*, 36 NY2d 230, 241-242). Further, we find no extraordinary circumstances or abuse of discretion in the sentence imposed upon defendant, which was not the maximum permitted, for this act of violence which caused serious injury to its elderly victim (*see, People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Turning to defendant's argument on his appeal from the denial of his CPL 440.10 motion, we find no merit to defendant's

claim of ineffective assistance of trial counsel. Defendant claims that his counsel failed to advise him of his right to testify before the Grand Jury, but the unrefuted evidence at the hearing established that defendant was informed of this right which he expressly declined to exercise. Upon our review, we find that defendant received meaningful representation (*see, People v Wiggins*, 89 NY2d 872, 873; *People v Baldi*, 54 NY2d 137, 147).

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.