■ The People of the State of New York, Respondent, v Francisco Deyes, Appellant. [770 NYS2d 662]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McKay, J.), rendered July 3, 2001, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Generally, in order to preserve a challenge to the factual sufficiency of a plea allocution, there must be a motion to withdraw the plea or a motion to vacate the judgment of conviction (*see People v Lopez,* 71 NY2d 662, 665 [1988]). Where, however, the defendant's factual recitation negates an essential element of

the crime pleaded to, the court may not accept the plea without further inquiry. If the court fails to conduct the inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal, despite the absence of a post-allocution motion (see People v Lopez, supra).

It is undisputed that the defendant did not move to withdraw his plea on the ground now asserted on appeal as a basis for vacatur. Furthermore, the narrow exception to the preservation requirement set forth in Lopez does not apply to this case. The record does not show that the defendant made any statements during the plea allocution which would negate the elements set forth in Penal Law § 140.25 (2) or cast significant doubt on his guilt of the crime of burglary in the second degree (see People v Konstantinides, 295 AD2d 537 [2002]). Thus, the defendant's contention is unpreserved for appellate review (see People v Pellegrino, 60 NY2d 636 [1983]). Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.