THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAL LLESHI, Appellant. [782 NYS2d 129]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 22, 2003, convicting him of criminal possession of a weapon in the third degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial proved, beyond a reasonable

doubt, that on July 2, 2000, the defendant, among other things, assaulted his wife with a wooden plunger handle inside their Monsey home. Contrary to the defendant's contention, the trial court providently exercised its discretion in permitting the prosecution to elicit testimony from the defendant's wife recounting earlier incidents of abuse on that same day, perpetrated by the defendant upon her during a car ride home. This evidence was relevant to the issues in controversy, was more probative than prejudicial (*see People v Alvino,* 71 NY2d 233, 241-242 [1987]), and provided background material necessary to complete the narrative of events culminating in the charged crimes (*see People v Webb,* 1 AD3d 542, 543 [2003]; *People v Taylor,* 302 AD2d 480, 481 [2003]).

The trial court also providently admitted into evidence the wife's blood-stained blouse. The defendant declined to object to the introduction of the blouse and thus his present challenge to the admissibility thereof is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, the wife identified the blouse and recounted her recovery and delivery of it to the police, and any uncertainty as to her identification of the blouse affected the weight of the evidence and not its admissibility (*see People v Bryant,* 302 AD2d 603 [2003]; *People v Carroll,* 181 AD2d 904 [1992]).

The defendant's remaining contentions are without merit. H. Miller, J.P., S. Miller, Cozier and Spolzino, JJ., concur.