■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARR, Appellant. [785 NYS2d 344]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 24, 2004, convicting him of rape in the first degree, rape in the third degree, sexual abuse in the first degree, and sodomy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evi-

dence is unpreserved for appellate review (see CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Furthermore, the scope and extent of cross-examination is committed to the sound discretion of the trial court (see *People v Schwartzman*, 24 NY2d 241 [1969]). Here, the trial court providently exercised its discretion in refusing to allow the defense counsel to cross-examine a police detective regarding, in essence, his opinion as to the credibility of the complaining witness (see *People v Mayrant*, 43 NY2d 236, 240 [1977]; *People v Brown*, 162 AD2d 695 [1990]).

The defendant's contentions that alleged improprieties during the prosecutor's cross-examination and summation deprived him of a fair trial either are unpreserved for appellate review or without merit. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.