■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMEH SHAABAN, Appellant. [789 NYS2d 240]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered January 7, 2003, convicting him of robbery in the second degree, assault in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that there was insufficient evidence to corroborate the accomplice testimony of the codefendant is unpreserved for appellate review, and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are without merit or are not properly before this Court. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH S. TAUFMAN, Appellant. [789 NYS2d 239]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mackenzie, J.), rendered October 15, 2003, convicting him of driving while ability impaired by the use of drugs, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the factual sufficiency of the plea allocution was preserved by his motion to vacate the judgment of conviction under CPL 440.10 (*cf. People v Lopez,* 71 NY2d 662, 665 [1988]; *People v Deyes,* 3 AD3d 575 [2004]). However, the challenge is without merit because the plea allocution was sufficient to establish that the defendant operated a motor vehicle while his ability to do so was impaired by the use of drugs (*see* Vehicle and Traffic Law § 1192 [4]).

The defendant's remaining contention is unpreserved for appellate review (*see People v Lopez, supra* at 666; *People v Martin,* 7 AD3d 640, 641 [2004], *lv denied* 3 NY3d 677 [2004]; *People v Deyes, supra* at 576), and we decline to review it in the exercise of our interest of justice jurisdiction. Cozier, J.P., S. Miller, Santucci and Fisher, JJ., concur.