THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAREY PETTIFORD, Appellant. [812 NYS2d 371]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered May 18, 2004, convicting him of sexual abuse in the first degree (two counts), sexual abuse in the third degree, and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions concerning the admission into evidence of what he claims were uncharged crimes based on his explicit sexual statements and inappropriate conduct while in a holding cell after his arrest are unpreserved for appellate review, as he did not object to this evidence at trial (*see* CPL 470.05 [2]; *People v Knowles,* 88 NY2d 763, 768 n* [1996]; *People v James,* 262 AD2d 500 [1999]; *People v Wilson,* 225 AD2d 642 [1996]; *People v Perez,* 194 AD2d 812 [1993]). We decline to review these arguments in the exercise of our interest of justice jurisdiction.

In any event, the defendant had a nonjury trial; therefore,

"any prejudicial effect caused by the admission of the evidence was minimized because the court, sitting as the trier of fact, is presumed capable of disregarding prejudicial aspects of the evidence" (*People v Palmer*, 300 AD2d 412, 413 [2002]; *see People v Moreno*, 70 NY2d 403, 406 [1987]). Further, any errors that may have occurred were harmless in light of the overwhelming evidence of guilt (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Weaver*, 222 AD2d 1046, 1047 [1995], *cert denied* 519 US 855 [1996]; *People v Chavis*, 190 AD2d 683, 683-684 [1993]).

We are satisfied that the defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Rivera*, 71 NY2d 705, 708 [1988]; *People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). The defense counsel was active throughout the course of the proceedings and obtained an acquittal on the defendant's most serious charge, attempted rape in the first degree (*see People v Love*, 307 AD2d 528, 533 [2003]; *People v Gilliam*, 300 AD2d 701 [2002]; *People v Benyon*, 158 AD2d 609 [1990]). Schmidt, J.P., Crane, Skelos and Lifson, JJ., concur.