■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JAY, Appellant. [838 NYS2d 596]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Weinberg, J.), rendered December 15, 2004, convicting him of robbery in the first degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Showup procedures are permissible when, as here, they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]; *People v Pierre*, 2 AD3d 461 [2003]; *People v Lopez*, 292 AD2d 395 [2002]). Contrary to the defendant's contention, the identification procedure was not rendered unduly suggestive merely because the defendant was handcuffed and in the presence of uniformed police officers when he was displayed to the complainant (*see People v Gilyard*, 32 AD3d 1046 [2006]; *People v Pierre, supra*; *People v Grassia*, 195 AD2d 607 [1993]; *People v Whitney*, 158 AD2d 734 [1990]).

The defendant's contention that there was insufficient evidence to corroborate his accomplice's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Shaaban*, 14 AD3d 721 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in denying his motion pursuant to CPL 440.10 to vacate his judgment of conviction is not properly before this Court on this appeal.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.