■ The People of the State of New York, Appellant, v Elvis Silvestry, Respondent. [854 NYS2d 671]—Appeal by the People from an order of the Supreme Court, Queens County (Aloise, J.), dated April 18, 2007, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed.

Contrary to the People's contention, the police officer did not have reasonable suspicion to believe that the defendant had committed or was about to commit a crime to justify a stop and frisk the defendant (*see People v Martinez,* 80 NY2d 444, 447 [1992]; *People v De Bour,* 40 NY2d 210, 223 [1976]; *People v Stevenson,* 7 AD3d 820 [2004]; *cf. People v Alston,* 23 AD3d 487, 488 [2005]). Accordingly, the Supreme Court properly granted that branch of the defendant's omnibus motion which was to suppress physical evidence. Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.

■ The People of the State of New York, Respondent, v Samuel Spradley, Appellant. [854 NYS2d 670]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 26, 2006, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of the accomplice was unsupported by corroborative evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jay,* 41 AD3d 615 [2007]; *People v Shaaban,* 14 AD3d 721 [2005]). In any event, his contention is without merit. The accomplice testimony was sufficiently corroborated by independent evidence connecting the defendant to the crimes of which he was convicted (*see* CPL 60.22 [1]; *People v Breland,* 83 NY2d 286 [1994]; *People v Goodson,* 35 AD3d 760, 761 [2006]; *People v Lawrence,* 17 AD3d 697, 698 [2005]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.