■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PERGYA, Appellant. [862 NYS2d 101]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 20, 2006, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in allowing the People to elicit testimony from an accomplice regarding his involvement with the defendant in uncharged drug deals and his contention that the prosecutor exceeded the bounds of the court's ruling in that regard by eliciting testimony from the accomplice regarding numerous specific acts of individual drug activity are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pettiford,* 28 AD3d 687 [2006]; *People v Gersten,* 280 AD2d 487 [2001]; *People v Perez,* 194 AD2d 812, 812-813 [1993]; *People v Sheppard,* 186 AD2d 600, 601 [1992]). In any event, contrary to the defendant's contentions, the trial court properly permitted the People to elicit the challenged testimony (*see People v Carter,* 77 NY2d 95, 107 [1990]; *People v Jackson,* 39 NY2d 64, 68 [1976]; *People v De La Cruz,* 44 AD3d 346, 347 [2007]; *People v DeFina,* 213 AD2d 665, 666 [1995]; *People v Leach,* 196 AD2d 508, 509 [1993]; *People v Mascoli,* 166 AD2d 612, 613 [1990]), and the testimony did not exceed the bounds of the court's ruling.

The defendant's contention that the court further erred in failing to give a limiting instruction to the jury regarding its use of the evidence of uncharged crimes also is unpreserved for appellate review (*see People v Lleshi,* 10 AD3d 733, 734 [2004]; *People v Webb,* 1 AD3d 542, 543 [2003]; *People v Jones,* 182 AD2d 708, 709 [1992]). In any event, any error resulting from the alleged failure was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Moore,* 50 AD3d 926 [2008]; *People v Lacewell,* 44 AD3d 876, 877 [2007]).

Contrary to the defendant's contentions, including those in

his supplemental pro se brief, the defendant received meaningful representation from defense counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137 [1981]).

The defendant's contention in his supplemental pro se brief that there was insufficient evidence to corroborate his accomplice's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jay,* 41 AD3d 615 [2007]; *People v Shaaban,* 14 AD3d 721 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Spradley,* 50 AD3d 931 [2008]).

Finally, contrary to the defendant's contention, the sentence imposed was not excessive (*see People v Rodriguez,* 51 AD3d 1043 [2008]; *People v Suitte,* 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.