THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WILLIS, Appellant. [893 NYS2d 264]

"The defendant's contention that the trial court erred in failing to give a limiting instruction to the jury regarding its use of evidence of uncharged crimes or prior bad acts is unpreserved for appellate review since the defendant neither requested such an instruction nor objected to the charge as given" (*People v Giuca*, 58 AD3d 750, 751 [2009]; *see People v Pergya*, 53 AD3d 631, 631 [2008]; *People v Webb*, 1 AD3d 542, 543 [2003]; *People v Johnson*, 210 AD2d 256, 257 [1994]; *People v Silva*, 187 AD2d 467, 468 [1992]; *People v Jones*, 182 AD2d 708, 709 [1992]). "In any event, any error resulting from the alleged failure was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions" (*People v Giuca*, 58 AD3d at 751; *see People v Pergya*, 53 AD3d at 631; *People v Silva*, 187 AD2d at 468; *People v Johnson*, 210 AD2d at 257; *People v Cauthen*, 208 AD2d 856, 856 [1994]). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.