■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAN A. HAY, Appellant. [900 NYS2d 651]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered August 1, 2006, convicting him of attempted assault in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly permitted rebuttal testimony to impeach his credibility on a collateral issue is not preserved for appellate review (see People v Broadus, 8 AD3d 398 [2004]; People v Jeffries, 278 AD2d 431 [2000]; People v Maldonado, 212 AD2d 808 [1995]). The general objections raised by defense counsel were insufficient to preserve the specific contention now raised on appeal (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Osuna, 65 NY2d 822, 824 [1985]). In any event, the trial court did not improvidently exercise its discretion in permitting the rebuttal testimony (see CPL 260.30 [7]; People v Harris, 57 NY2d 335 [1982], cert denied 460 US 1047 [1983]; People v Grindley, 243 AD2d 580 [1997]).

The defendant's contention that the trial court erred in failing to instruct the jury that it could only consider the defendant's prior conviction for the purpose of evaluating his credibility and not as proof that he had committed the crime for which he was on trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Willis, 69 AD3d 966 [2010]). "Moreover, the trial court was under no obligation to give the charge, sua sponte, under the circumstances of this case" (People v Moore, 66 AD3d 707, 710 [2009]).

In any event, any error resulting from the alleged failure was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (see People v Willis, 69 AD3d at 966; People v Giuca, 58 AD3d 750 [2009]). Dillon, J.P., Santucci, Hall and Lott, JJ., concur.