■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE PARKER, Appellant. [903 NYS2d 264]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered June 19, 2006, convicting him of robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his supplemental pro se brief, that there was insufficient evidence to corroborate his accomplice's testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Pergya*, 53 AD3d 631, 632 [2008]; *People v Jay*, 41 AD3d 615 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Spradley*, 50 AD3d 931 [2008]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that the prosecutor improperly bolstered the testimony of a witness by eliciting testimony as to a prior consistent statement, that the prosecutor improperly impeached her own witness on direct examination (*see* CPL 60.35; *People v Fitzpatrick*, 40 NY2d 44 [1976]), and that the

prosecutor made improper remarks on summation are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the challenged remarks and conduct, both individually and cumulatively, constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Doran*, 10 AD3d 425 [2004]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's contention that he was arrested without probable cause, raised in his supplemental pro se brief, is unpreserved for appellate review (*see People v Wallace*, 304 AD2d 680 [2003]; *People v Nixon*, 240 AD2d 764 [1997]; *People v Feliciano*, 185 AD2d 359, 360 [1992]). In any event, this contention is without merit (*see People v Torres*, 236 AD2d 431 [1997]; *People v Rosa*, 231 AD2d 534, 535 [1996]; *People v Johnson*, 174 AD2d 694, 694-695 [1991]).

In his supplemental pro se brief, the defendant challenges the sufficiency of the evidence presented to the grand jury. "Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury" (*People v Folkes*, 43 AD3d 956, 957 [2007]; *see* CPL 210.30 [6]; *People v Capehart*, 61 AD3d 885, 886 [2009]). The remaining contentions raised in the defendant's supplemental pro se brief, which pertain to the grand jury proceedings, are without merit. Mastro, J.P., Eng, Belen and Austin, JJ., concur.