■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT ROSE, Appellant. [990 NYS2d 832]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 1, 2012, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant's convictions of robbery in the second degree and assault in the third degree required proof of physical injury (*see* Penal Law §§ 120.00 [1]; 160.10 [2] [a]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Although "substantial pain" must be "more than slight or trivial pain" it need not be "severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). "Impairment of physical condition," moreover, does not require "a victim's incapacitation" (*People v Tejeda*, 78 NY2d 936, 938 [1991] [internal quotation marks omitted]).

Contrary to the defendant's contention, viewing the evidence

in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish that the complainant suffered the requisite physical injury (*see People v Chiddick*, 8 NY3d at 447; *People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Martinez*, 116 AD3d 983 [2014]; *People v Valencia*, 50 AD3d 1163, 1164 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of robbery in the second degree and assault in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The complainant testified that the defendant punched him in the face numerous times while someone else grabbed his shoulder from behind and tried to reach into his pocket for his wallet. The complainant sustained swelling and bleeding to his face, nose, and mouth, and the complainant's blood was found on his shirt and on the defendant's pants. The complainant was examined by an emergency medical technician and treated with ice, and for the next two weeks took antibiotics and painkillers (*see People v Chiddick*, 8 NY3d at 447-448; *People v Stapleton*, 33 AD3d 464, 465 [2006]).

Contrary to the defendant's arguments, the trial court did not improvidently exercise its discretion in permitting the People to adduce rebuttal testimony and declining the defendant's request for an adjournment to investigate the subject raised by the rebuttal (*see People v Wilson*, 297 AD2d 298, 299 [2002]; *People v Grindley*, 243 AD2d 580 [1997]; *People v Gross*, 171 AD2d 810, 811 [1991]).

As the People correctly concede, the Supreme Court failed to pronounce sentence on the conviction of assault in the third degree in the defendant's presence in violation of its obligation under CPL 380.20 (*see People v Guerrero*, 12 NY3d 45, 47 [2009]; *People v Sparber*, 10 NY3d 457, 472 [2008]; *People v Hernandez*, 107 AD3d 1016, 1016-1017 [2013]). Accordingly, the sentence must be vacated and the matter remitted to the Supreme Court, Queens County, for resentencing on all counts upon which the defendant was convicted. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.