OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to County Court, Nassau County, for a new trial.
Defendant was tried jointly with his brother for the crime of murder in the second degree. The brother made a pretrial statement, in which he implicated defendant as a participant in the robbery which led to the victim’s death. Once this statement was deemed admissible, defendant moved to sever his trial from that of his brother, urging that the admission of the confession upon the joint trial impermissibly deprived him of his right to confrontation of the declarant. The trial court denied the motion, concluding that the confession had been sufficiently redacted so as to avoid any incriminating references to defendant and *869 that its admission upon the joint trial was thus permissible. Although references to the defendant by name had been eliminated from his codefendant’s statement, the evidence before the jury (both in the form of the actual, redacted statement and the police officers’ testimony to its substance) contained numerous references by the codefen-dant to another participant in the crime. For example the codefendant stated that: “We got to the track”; “I said [deletion] let’s watch the cashiers window to see if somebody made a big hit and we will roll them”; and “we did not talk about the shooting that night”. Defendant’s conviction was affirmed by the Appellate Division.
We conclude that the codefendant’s statement was not admissible on the joint trial, and that defendant’s application to sever his trial should have been granted. When an extrajudicial statement by one defendant contains incriminating references to another defendant, admission of that statement upon their joint trial deprives the nonconfessing defendant of his right to confront the witness against him unless that witness also testifies at the joint trial (Bruton v United States, 391 US 123). If the confession, however, can be effectively redacted so that the jury would not interpret its admissions as incriminating the nonconfessing defendant, it may be utilized at the joint trial (People v Smalls, 55 NY2d 407; People v Boone, 22 NY2d 476). The burden of effective redaction rests, of course, with the People.
The People assert that the references to another participant in the codefendant’s statement would not necessarily be viewed by the jury as referring to defendant. The People point to the testimony at trial to the effect that yet a third person may have participated in the crime and argue that the jury might have viewed collective references in the confession as concerning this additional participant. The possibility that the jury may have viewed the incriminating references in this manner is insufficient to eliminate the prejudice to defendant from the use of this statement upon his trial. Given that the two brothers were being tried for the crime together, we believe the confession could only be read by the jury as inculpating defendant (People v Geoghegan, 68 AD2d 279, affd 51 NY2d 45). Its admission on the joint trial was therefore error. Nor can we say that *870 there is no possibility that this error contributed to defendant’s conviction and therefore we cannot agree with the People’s contention that the error was harmless beyond a reasonable doubt.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in memorandum.
Order reversed, etc.