(January 24, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. CIEMBRONIEWICZ, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered July 10, 1984, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree and grand larceny in the third degree (two counts).

Defendant, a Thruway toll collector, was the subject of two separate indictments returned in July 1983. The first indictment charged defendant, Michael Viscusi and Suzanne Ciembroniewicz with one count of grand larceny in the second degree, alleging that the three stole property valued in excess

of $1,500 by replacing Thruway toll tickets with tickets of lower monetary value and retaining the amount of the difference, and with one count of conspiracy in the fifth degree to accomplish this theft. The second indictment charged defendant alone with falsifying business records in the first degree by making false entries on Thruway records and with grand larceny in the third degree by stealing three Thruway toll tickets. The conspiracy charge was dismissed prior to trial. The remaining count of the first indictment was consolidated with the second indictment, and a severance was granted to provide each defendant a separate trial. Viscusi and Suzanne Ciembroniewicz were separately tried and convicted prior to the commencement of defendant's trial.

Before the opening statements at defendant's trial, the People indicated their intention to introduce into evidence the written confession of Viscusi, which detailed his method of fraud in regard to the toll tickets and contained the statement, "I showed [defendant] how to do this. [Defendant] may have been doing this as long as me. I don't know." After conducting a hearing, County Court, applying the criteria set forth in *People v Maerling* (46 NY2d 289), determined the confession to be necessary and admissible under the declaration against interest exception to the hearsay rule. However, the three sentences that referred to defendant were redacted from the confession, so as to avoid prejudice to him. Following a jury trial, defendant was found guilty of falsifying business records in the third degree and two counts of grand larceny in the third degree. County Court sentenced defendant to concurrent prison terms of 1⅓ to 4 years. This appeal followed.

Defendant's principal argument on appeal is that County Court erred in admitting the Viscusi confession into evidence. We agree. Viscusi's confession, which is nothing more than evidence of another individual's commission of similar crimes on prior occasions, had no probative value on the issue of defendant's commission of the crimes tried and was, therefore, irrelevant. We reject the People's argument that Viscusi's confession was relevant to indicate the manner in which defendant accomplished his alleged theft. The statement was not that of a conspirator or accomplice and did not implicate defendant personally in any criminal activity, but simply explained how Viscusi accomplished a separate and distinct theft. The introduction of limited background evidence of the nature of a scheme is proper where such evidence is necessary to clarify and make the subject matter of a crime more intelligible to a jury *(see, People v Stanard,* 32 NY2d 143, 146;

*People v Molineux,* 168 NY 264). However, it is improper to admit background evidence where the charged crime is unambiguous and the evidence is without probative value *(People v Tucker,* 102 AD2d 535, 537). Nor can the confession be interpreted as a "narrative description of the crime[ ] charged [which] necessitates mention of the uncharged criminal conduct, [because] the two events are inextricably interwoven" *(People v Gantz,* 104 AD2d 692; *see, People v Vails,* 43 NY2d 364, 368), since the only link between Viscusi's confession and defendant was redacted. In our view, the People's witnesses could have effectively explained the manner in which defendant accomplished his alleged theft to the jury without resort to Viscusi's statement and thus alleviated prejudice to defendant. We conclude, therefore, that Viscusi's confession is not relevant to defendant's prosecution *(see, People v Nitzberg,* 287 NY 183) and that its admission was error.

It is our further conclusion that the error was sufficiently prejudicial to require reversal of the judgment of conviction and a new trial. Despite the redaction of Viscusi's confession by County Court, the testimony of Investigators Bruce Hanford and Wayne Huslander regarding the surveillance, investigation, arrest and confession of Viscusi, the cross-examination of defendant based upon the statement and the closing remarks of the People all implied that Viscusi's confession could be imputed to defendant *(see, People v Wheeler,* 62 NY2d 867, 869). In fact, during her cross-examination of defendant, the prosecutor had defendant read Viscusi's statement to the jury and then immediately asked him the following questions concerning the very subject matter that had been redacted:

"Q And isn't it true * * * that Mr. Viscusi showed you how to raise the hammer on the entry issuing ticket machine, to produce blank tickets? * * *

"A No, he did not.

"Q And isn't it true * * * that you were engaged in the same scheme as * * * Viscusi testified to in this voluntary statement?

"A No."

The error in admitting the statement cannot be deemed harmless because proof of defendant's guilt, although sufficient to support the convictions, was far from overwhelming; moreover, even if it had been overwhelming, there is a significant probability that the jury would have acquitted defendant had Viscusi's statement and the testimony surrounding it not been admitted *(see, People v Crimmins,* 36 NY2d 230, 242; *see*

*also, People v McKnight,* 71 AD2d 801, 804 [dissenting mem], *revd on dissenting mem below* 52 NY2d 760). Accordingly, the judgment must be reversed and a new trial granted.

We have reviewed defendant's remaining contentions and find them to be either academic or lacking in merit.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.