■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NUNEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.) rendered March 24, 1988, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's misstatement of the law in summation constitutes reversible error. In her summation, the prosecutor submitted to the jury that the existence of tape recordings of four telephone conversations between an undercover officer and the codefendant Paul Palasciano constituted legally sufficient evidence that Palasciano had sold two ounces of cocaine to the officer because "an offer to sell is the same as the sale". Thereafter, the trial court implicitly sustained defense counsel's objection to the comment with the remark, "I'll instruct on what the law is". Because the defendant subsequently failed to request additional curative instructions or object to the court's charge on the law, the claim is unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951, 953).

In any event, the claim is without merit. The prosecutor misstated the law with regard to criminal sale of a controlled substance in the first degree, for "[w]hile proof of an offer may in some circumstances establish that a sale has occurred *(see,* Penal Law § 220.00 [1]), the weight of the material must be independently shown" *(People v George,* 67 NY2d 817, 819). However, the record indicates that the prosecutor made the comment only with regard to the codefendant and that immediately following the court's curative instruction, she stressed that the tape recordings were insufficient to convict the defendant. Accordingly, the defendant was in no way prejudiced by the comment.

The defendant contends in his supplemental *pro se* brief that the court erred in denying his motion for a severance. We disagree. "Where proof against the [co]defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87) and that is particularly true where the defendants are charged with acting in concert *(see, Parker v United States,* 404 F2d 1193,

1196; *People v Mahboubian,* 74 NY2d 174, 182). The defendant has failed to advance any cogent reason for a severance in this case where the People offered the same proof to establish the guilt of each of the codefendants and the joint trial involved only counts which charged the codefendants with acting in concert *(cf., People v Cardwell,* 78 NY2d 996).

We have reviewed the defendant's remaining contentions and conclude that they are without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.