■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GOODMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 6, 1991, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's misstatements of the law in summation constitute reversible error. However, the defendant failed to preserve his contention for appellate review, since the defendant either initially failed to object to the prosecutor's comments which he challenges on appeal or failed to request curative instructions after the trial court sustained his objection *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951; *People v Nunez,* 184 AD2d 594; *People v Burrell,* 178 AD2d 422).

In any event, the defendant's claim is without merit. During summation the prosecutor repeatedly stated that the defendant and the codefendant's acts tended to effect the commission of a robbery. However, it cannot be said that the prose-

cutor's comments deprived the defendant of a fair trial, since the prosecutor's remarks were an accurate statement of the law (see, Penal Law § 110.00) and were a fair response to the comments by the defense counsel on summation (see, People v Hart, 176 AD2d 148). Mangano, P. J., Miller, Copertino and Pizzuto, JJ., concur.