■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR LEE CORBITT, Appellant. [633 NYS2d 865] —Casey, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 22, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

Based upon a verdict after trial, defendant was sentenced to an indeterminate term of imprisonment of $8^1/_3$ to 25 years for criminal possession of a controlled substance in the third degree and a concurrent indeterminate term of $2^1/_3$ to 7 years for criminal possession of a controlled substance in the fifth degree. The charges stemmed from the execution of a search warrant by the City of Albany police. At that time defendant

was observed tossing a bag of crack cocaine under a table just before his apprehension.

On this appeal, defendant argues initially that the search warrant application was legally insufficient to establish probable cause, specifically because the informant's reliability and the basis for the transmitted information had not been sufficiently established. In response, the prosecution contends that defendant has not shown that he has standing to challenge the warrant or any illegality in connection therewith. In our view, defendant has not demonstrated standing by showing that he had a legitimate expectation of privacy in the premises, a necessary showing if defendant seeks to raise a constitutional challenge to the validity of the warrant (*see, People v Wesley*, 73 NY2d 351, 358-359). Thus, summary denial of defendant's motion to suppress the evidence was appropriate.

Next, defendant argues that the evidence of his possession of "buy money" was not so inextricably interwoven into the transaction underlying the charges as to render it admissible. Due to the admission of such evidence, defendant claims he was impermissibly shown to have a predisposition towards committing the crimes charged. The People argue that the evidence of uncharged crimes is admissible when material to an issue in the case and the probative value of the evidence outweighs the potential for prejudice (*see, People v Alvino*, 71 NY2d 233). The People assert that the evidence was probative of defendant's intent to sell drugs, an element of the first count of the indictment, and that in view of the limiting instructions to the jury by County Court, defendant was not denied a fair trial.

Through the testimony of one of the investigating police officers, the People established that the "buy money" possessed by defendant had previously been given to an informant by the police for the purpose of consummating a "controlled buy" of drugs. There is, however, no direct evidence of the "controlled buy" and, more importantly, there is no evidence that defendant came into possession of the "buy money" as a result of a drug transaction. At best, the evidence shows that defendant possessed money which may have been received by someone in a prior drug transaction. In these circumstances, we are of the view that defendant's possession of the "buy money" was too remote to the issue of his intent to sell drugs to outweigh the potential for prejudice inherent in the admission of evidence which invited the jury to speculate that defendant had previously sold drugs (*see, People v Jackson*, 193 AD2d 621, 623). In the absence of overwhelming proof of defendant's guilt, admission of the evidence of the prior uncharged crime was revers-

ible error (see, People v Ciembroniewicz, 169 AD2d 929, 931); however, in view of County Court's instruction which limited the jury's consideration of the evidence to the charge of possession with intent to sell, only defendant's conviction on that charge should be reversed.

In regard to the second count of the indictment, which charges criminal possession of a controlled substance in the fifth degree, defendant contends that the evidence was legally insufficient according to the holding in People v Ryan (82 NY2d 497, 502). This issue was not preserved for appeal (see, People v Gray, 86 NY2d 10). When defense counsel moved at the close of the People's case to dismiss counts one and three of the indictment, he made no such motion as to count two. In any event, there was sufficient trial evidence for the jury to conclude that defendant knew that the weight of the cocaine which he possessed was equal to or greater than 500 milligrams (see, Penal Law § 220.06 [5]). The arresting officer testified to observing defendant toss a sandwich bag full of crack cocaine under the kitchen table. Another witness testified that the cocaine defendant possessed weighed 2.7462 grams or 2,746.2 milligrams. There was testimony from a detective sergeant that the 12 pieces of crack cocaine found in the bag which defendant discarded were packaged for sale. This evidence, added to the evidence of the packaging paraphernalia and the knowing possession by defendant (see, People v Graham, 209 AD2d 822, lv denied 84 NY2d 1011), allowed the jury to conclude that defendant was aware of the weight of the cocaine.

Defendant's attack on the sufficiency of the evidence underlying both the charge for criminal possession in the third degree and the charge of criminal possession in the fifth degree lacks merit. We also find no merit in defendant's claim that the admission of the testimony of the witness Thomas Fitzpatrick, as an expert regarding the packaging of crack cocaine for sale, constituted error (see, People v Polanco, 169 AD2d 551, 552, lv denied 77 NY2d 965). Defendant further claims error in County Court's refusal to charge criminal possession of a controlled substance in the seventh degree. No reasonable view of the evidence would support a charge that defendant, if guilty of criminal possession of a controlled substance, knowingly possessed less than 500 milligrams of cocaine.

We have examined the other errors alleged by defendant, including the refusal of County Court to give a missing witness charge, and find such claims untenable. Accordingly, defendant's conviction on count one of the indictment should be reversed and a new trial granted as to this count. The remainder of the judgment of conviction should be affirmed.

Mikoll, J. P., White, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of the crime of criminal possession of a controlled substance in the third degree; matter remitted to the County Court of Albany County for a new trial on count one of the indictment; and, as so modified, affirmed.