■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEIGHTON STANLEY, Appellant. [681 NYS2d 32] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered November 18, 1996, convicting him of attempted burglary in the third degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant's claim that the evidence was legally insufficient to establish his guilt of attempted burglary in the third degree is preserved for appellate review. The defendant specifically objected to the prosecutor's failure to establish his intent to commit a crime (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10; *People v Udzinski*, 146 AD2d 245). Nonetheless, viewing the evidence in the light most favorable to the People (*see*, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant further contends that improper comments made by the prosecutor during summation deprived him of a fair trial. The defendant has failed to preserve this contention for appellate review inasmuch as no objections to the prosecutor's comments were made during summation (*see*, CPL 470.05 [2]; *People v Goodman*, 190 AD2d 862; *People v Ray*, 155 AD2d 625). In any event, the defendant's argument is without merit as the prosecutor's single alleged misstatement of the law regarding the elements of attempted burglary in the third degree did not prejudice the defendant. The prosecutor told the jury to listen to the court's instructions on the law and the court then properly instructed the jury on the elements of attempted burglary in the third degree (*see*, *People v Galloway*, 54 NY2d 396; *People v Nunez*, 184 AD2d 594). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.