■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS JONES, Appellant. [720 NYS2d 520] —Appeal by the defen-

dant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered January 7, 1999, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The admission into evidence of the redacted statement of the codefendant that a robbery was committed by "another individual" violated the defendant's right to confrontation (*see, Gray v Maryland,* 523 US 185; *Bruton v United States,* 391 US 123). That statement, when coupled with the testimony of the complainant that there were two primary participants in the robbery, and the testimony of a police detective that he placed the defendant under arrest shortly after he took the codefendant's statement, strongly incriminated the defendant (*see, People v Khan,* 200 AD2d 129; *see also, People v Wheeler,* 62 NY2d 867; *People v Hussain,* 165 AD2d 538).

Further, the codefendant's statement directly refuted the defendant's testimony that both he and the complainant were in a crack house at the time the crime was allegedly committed.

The prosecutor argued in summation that the codefendant's statement "definitely" corroborated the complainant's version of the events, because the codefendant's statement was that a robbery in fact occurred and "someone else" committed it. She further argued that that "someone else" was the defendant.

The sole evidence against the defendant was the testimony of the complainant. Although the defendant directly challenged the complainant's veracity with his own testimony, the People used the codefendant's statement to corroborate the complainant's version of the events. Accordingly, the error cannot be deemed harmless. Goldstein, J. P., McGinity, Feuerstein and Smith, JJ., concur.