■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CRUZ, Appellant. [845 NYS2d 667]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered August 10, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting

him of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]), arising out of an incident in which he and two other individuals were identified as having broken into an apartment in the City of Buffalo and stolen various items. Later that evening, after receiving identifying information from one of the victims, the police arrested one codefendant, who thereafter fled the country and was tried in absentia. They also arrested a third individual, who was tried jointly with defendant. The codefendant made incriminating statements, and defendant contends that the admission of those statements at trial constitutes reversible error. We agree. The first statement was, "[I]f I tell you where we put the clothes and the backpack, do you think that they will drop the charges?" In the second statement, the codefendant stated, "[T]hat's where we threw [the stolen items]," and he asked, "[D]id you check the backseat? . . . If they're not there, maybe my girlfriend took them. Can you talk to her?"

We note at the outset that, although the first trial ended in a mistrial for reasons not relevant herein, defendant objected to the first statement on *Bruton* grounds and moved either to sever the trials or to redact the word "we" from the statement. County Court denied the motion. The codefendant's incriminating statements were admitted at the second trial without any objection or motion such as that made by defendant at the first trial. Nevertheless, despite the fact that defendant failed to raise any objection at the second trial and thus failed to preserve for our review his contention that reversal is required based on the erroneous admission of the statements (*see People v Walker*, 71 NY2d 1018 [1988]), we exercise our discretion and reach defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

First, we agree that there was a *Bruton* violation inasmuch as the jury could only have inferred that the "we" in the statements referred to all three codefendants. A defendant's right of confrontation is violated where the confession of a nontestifying codefendant that facially incriminates the defendant is introduced at their joint trial (*see Bruton v United States*, 391 US 123, 135-137 [1968]; *see also Richardson v Marsh*, 481 US 200, 207 [1987]). "When an extrajudicial statement by one defendant contains incriminating references to another defendant, admission of that statement upon their joint trial deprives the nonconfessing defendant of his right to confront the witness against him unless that witness also testified at the joint trial" (*People v Wheeler*, 62 NY2d 867, 869 [1984], citing *Bruton*, 391 US 123 [1968]). "If the confession, however, can be effectively

redacted so that the jury would not interpret its admissions as incriminating the nonconfessing defendant, it may be utilized at the joint trial" (*id.*). Here, although defendant was implicated by use of a neutral pronoun rather than by name, the evidence before the jury established that both victims saw three robbers and one of the victims identified the robbers by name. Under the circumstances, there is no possibility that the incriminating references "would not necessarily be viewed by the jury as referring to defendant" (*id.*). We reject the People's contention that the limiting instruction given by the court was sufficient to alleviate any prejudice to defendant (*see Bruton*, 391 US at 135-136), nor can it be said that the error is harmless beyond a reasonable doubt (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Defendant further contends that reversal is required based on a *Crawford* violation. We agree. The out-of-court statements of the codefendant were testimonial in nature, and they therefore were inadmissible because the codefendant was not unavailable and defendant had no prior opportunity to cross-examine him (*see Davis v Washington*, 547 US 813, —, 126 S Ct 2266, 2273-2274 [2006]; *People v Kyser*, 26 AD3d 839 [2006]). Further, as addressed in the context of the *Bruton* violation, there is no possibility that the jury could have inferred that the neutral pronoun used by the codefendant referred to anyone other than defendant.

We have reviewed the remaining contentions of defendant and conclude that they are without merit. Present—Martoche, J.P., Centra, Peradotto, Green and Pine, JJ.