■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE R. ADAM, Appellant. [857 NYS2d 626]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered August 5, 2005, convicting him of burglary in the second degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review since defense counsel failed to object or raised only a general objection to the remarks (*see* CPL 470.05 [2]; *People v Carrieri,* 49 AD3d 660 [2008]; *People v Robbins,* 48 AD3d 711 [2008]). In any event, the challenged remarks either were a fair response to the defendant's summation (*see People v Galloway,* 54 NY2d 396 [1981]; *People v Ferraro,* 49 AD3d 550 [2008]), or constituted harmless error (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Wilson,* 49 AD3d 673 [2008]). Furthermore, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Robbins,* 48 AD3d 711 [2008]; *People v Gonzalez,* 44 AD3d 790 [2007]).

The defendant's argument that the People failed to establish, by legally sufficient evidence, his guilt of criminal trespass in the second degree because there was no evidence that he entered the subject dwelling is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10, 19 [1995]; *People v Brown,* 29 AD3d 917 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal trespass in the second degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence established that he unlawfully entered the residence by accessing an enclosed area attached to the house (*see People v Rivera,* 301 AD2d 787 [2003]; *People v Adams,* 212 AD2d 621 [1995]; *People v Figueroa,* 204 AD2d 972 [1994]; *People v McCrea,* 194 AD2d 742 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Mastro, J.P., Ritter, Carni and Eng, JJ., concur.