Rose, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 11, 2006, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts), robbery in the second degree (two counts) and criminal use of a firearm in the second degree.
Two men wearing masks and wielding a handgun pushed their way into an apartment, tied up the two female occupants, threatened to kill them, demanded money at gunpoint and ransacked the apartment. Finding no money, but taking a red cellular phone from one of the victims, the men left the apartment and found themselves immediately surrounded by police. One of the men, later identified as defendant, was quickly arrested. The other man, later identified as Omar Perkins, escaped, but he was soon caught and arrested after having been observed throwing away a gun. Perkins was also found to be in possession of a red cellular phone of the same brand and type as that stolen from one of the victims. After defendant and Perkins were later indicted on numerous charges related to the incident, County Court denied defendant’s motion for a separate trial and permitted the People to introduce Perkins’s incriminating written statement which described the involvement of both men, but omitted defendant’s name.
At the end of the joint trial, the jury initially returned a verdict convicting both defendant and Perkins of all charges {People v Perkins, 56 AD3d 944 [2008] [decided herewith]). However, upon polling the jury and finding that all jurors were not in agreement with the verdict against defendant, County Court directed that deliberations as to his charges would continue the next day. When the proceedings resumed, County Court gave an Allen charge and, after further deliberations, the jury returned a verdict convicting defendant of two counts of burglary in the second degree, two counts of robbery in the second degree and one count of criminal use of a firearm in the second degree. Defendant was then sentenced to two concurrent prison terms of 12V2 years for the two counts of burglary in the second degree, a concurrent prison term of I2V2 years for criminal use of a firearm in the second degree and two prison terms *958 of 12V2 years with five years of postrelease supervision for the two counts of robbery in the second degree, with one such term to run concurrently and the other to run consecutively with the terms for burglary. Defendant now appeals.
Initially, we find merit in defendant’s contention that his right of confrontation was violated when County Court permitted a police officer to read the insufficiently redacted written statement of Perkins, who did not testify, to the jury. A defendant’s right of confrontation is violated where the confession of a nontestifying codefendant which facially incriminates the defendant is introduced at their joint trial (see Richardson v Marsh, 481 US 200, 207-208 [1987]; Bruton v United States, 391 US 123, 135-137 [1968]). Such a confession may be utilized at a joint trial only if it “can be effectively redacted so that the jury would not interpret its admissions as incriminating the nonconfessing defendant” (People v Wheeler, 62 NY2d 867, 869 [1984]).
Here, despite the removal of defendant’s name, the substitution of neutral pronouns and a limiting instruction by the court, Perkins’s account of the events on the day in question contained numerous incriminating references to another participant in the crime. For example, Perkins’s description of his unnamed accomplice stated: “[He] [t]hen walked up the stairs [of the victim’s apartment] and I followed behind him,” “[w]e both tied up the girls” and “[w]e were in the apartment for 20 minutes tearing it up looking for drugs and money when we left.” To compound the error, almost immediately after reading the statement, the officer stated that he had investigated its accuracy by viewing surveillance tapes at the restaurant mentioned in it to see if he could identify defendant. Further, the prosecutor’s opening statement had earlier made it clear to the jury that only defendant and Perkins participated in the crime. As a result, it is inconceivable that the jury could have considered Perkins’s account of his accomplice’s actions as describing anyone other than defendant and, thus, the statement was insufficiently redacted to be admissible in a joint trial (see People v Wheeler, 62 NY2d at 869; People v Boone, 22 NY2d 476, 484-485 [1968], cert denied 393 US 991 [1968]; People v Cruz, 45 AD3d 1462, 1464 [2007]; People v Jones, 280 AD2d 489, 490 [2001]; People v Khan, 200 AD2d 129, 138-139 [1994], lvs denied 84 NY2d 939 [1994], 85 NY2d 866 [1995]; People v Ciembroniewicz, 169 AD2d 929, 931 [1991]; People v Hussain, 165 AD2d 538, 542 [1991]). Under the circumstances, we cannot agree with the People that the other evidence identifying defendant as one of the home invaders is overwhelming, as illustrated *959 by the fact that an Allen charge was necessary because at least one juror disagreed with the initial verdict finding defendant guilty (see People v Wheeler, 62 NY2d at 870; People v Cruz, 45 AD3d at 1464; People v Ciembroniewicz, 169 AD2d at 931). Practically speaking, only a second jury would have avoided the violation of defendant’s confrontation rights here (see generally People v Ricardo B., 73 NY2d 228, 232-235 [1989]). Accordingly, reversal is required.
We have reviewed defendant’s remaining contentions and find them to be academic and unpreserved or without merit.
Cardona, EJ., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.