■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GIUCA, Appellant. [871 NYS2d 709]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 19, 2005, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly allowed the People to elicit evidence that the defendant possessed a .38-caliber handgun shortly before the decedent was shot, and properly refused to strike testimony suggesting that the gang to which the defendant belonged wanted its members to commit homicides. This evidence was relevant to show motive and intent (see *People v Alvino,* 71 NY2d 233, 241-242 [1987]; *People v Martinez,* 53 AD3d 508, 509 [2008]; *People v Jean,* 297 AD2d 821, 822 [2002]), and its probative value outweighed any prejudice to the defendant.

The defendant's contention that the prosecutor's summation violated a pretrial evidentiary ruling concerning evidence of gang affiliation is unpreserved for appellate review since the defendant failed to object to the subject remarks (*see* CPL 470.05 [2]; *People v Adam*, 50 AD3d 1153 [2008]). In any event, the challenged remarks were either fair comment on the evidence or permissive rhetorical comment (*see People v Carrieri*, 49 AD3d 660, 662 [2008]), and did not violate the pretrial evidentiary ruling.

The defendant's contention that the prosecutor's misstatements of the law during summation deprived him of a fair trial is unpreserved for appellate review since the defendant did not object to those remarks (*see* CPL 470.05 [2]; *People v Stanley*, 254 AD2d 507, 508 [1998]; *People v Goodman*, 190 AD2d 862 [1993]). In any event, to the extent that the prosecutor misstated the law of accessorial liability, her comments could not have been interpreted by the jury as an instruction on the law because the trial court repeatedly advised the jurors that it would instruct them on the law (*see People v Delphin*, 26 AD3d 343 [2006]). Moreover, in light of the trial court's charge to the jury that the People were required to establish that the defendant and the codefendant each acted with the mental culpability required for the commission of the crime of robbery in the first degree, there is no possibility that the jury found the defendant guilty of murder in the second degree (felony murder) or robbery in the first degree without concluding that he acted with the mental culpability required for the commission of the crime of robbery in the first degree (*see People v Stanley*, 254 AD2d at 508; *People v Arnold*, 226 AD2d 468, 469 [1996]; *People v Rosenblitt*, 198 AD2d 382, 383 [1993]).

The defendant's contention that the trial court erred in failing to give a limiting instruction to the jury regarding its use of evidence of uncharged crimes or prior bad acts is unpreserved for appellate review since the defendant neither requested such an instruction nor objected to the charge as given (*see People v Pergya*, 53 AD3d 631 [2008]; *People v Webb*, 1 AD3d 542, 543 [2003]; *People v Jones*, 182 AD2d 708, 709 [1992]). In any event, any error resulting from the alleged failure was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Pergya*, 53 AD3d at 631; *People v Silva*, 187 AD2d 467, 468 [1992]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, either are without merit or do not require reversal. Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.