■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO RUSSO, Appellant. [915 NYS2d 645]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 19, 2005, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the morning of October 12, 2003, Mark Fisher, a college student, was shot and killed on Argyle Road in Brooklyn. He had spent the previous night at the home of John Giuca in the company of Giuca, the defendant, and several other people. After a lengthy investigation, Giuca and the defendant were charged with various crimes, including murder in the second degree and robbery in the first degree, in connection with the incident. They were tried together before separate juries in 2005. Giuca was convicted of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree. This Court affirmed the judgment convicting Giuca (*see People v Giuca*, 58 AD3d 750 [2009]). The defendant appeals from a judgment convicting him of murder in the second degree and robbery in the first degree, and we affirm.

The defendant contends that the verdict was against the weight of the evidence. He points out that no eyewitness identified him as having participated in the robbery and murder of Fisher and that his conviction rested primarily on his own statements to various people about his participation in the crime, and his actions subsequent to the crime. The people to whom the defendant made those statements testified at trial, and the defendant contends that the jury should not have believed them. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant also contends that his right to confront witnesses against him was violated when a witness was permitted to testify that Giuca, who did not testify, told him, with respect to Fisher's death, that "we may have had something to do with that." A defendant's right of confrontation is violated where the confession of a nontestifying codefendant that facially incriminates the defendant is introduced at their joint trial (*see Bruton v United States*, 391 US 123, 135-137 [1968]; *see also Richardson v Marsh*, 481 US 200, 207 [1987]). The defendant and Giuca were tried together, and the evidence established that the defendant, Giuca, and only one other person remained with Fisher at Giuca's home prior to the shooting. Consequently, the jury could easily have inferred that Giuca's statement implicated the defendant, despite the lack of a specific reference to him (*see People v Wheeler*, 62 NY2d 867, 869 [1984]; *People v Pinto*, 56 AD3d 956, 958 [2008]; *People v Cruz*, 45 AD3d 1462, 1464 [2007]). Accordingly, admission of the statement violated the rule enunciated in *Bruton*. Reversal of the defendant's conviction, however, is not required. The evidence of the defendant's guilt was overwhelming, and we conclude that there is no reasonable possibility that the defendant would have been acquitted absent the admission of Giuca's statement. Thus, the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

We further find that the Supreme Court did not improvidently exercise its discretion in admitting evidence concerning the defendant's gang affiliation, a hand gesture he made during a jail

visit, that he obtained a haircut that dramatically changed his appearance within an hour after the shooting, certain statements he made to police, and Giuca's possession of guns (*see People v Muller*, 72 AD3d 1329, 1336 [2010]; *People v Giuca*, 58 AD3d 750 [2009]; *People v Faccio*, 33 AD3d 1041, 1042 [2006]; *People v Bailey*, 14 AD3d 362, 363 [2005]; *People v Torres*, 179 AD2d 696, 696-697 [1992]), inasmuch as the probative value of the evidence outweighed any unfair prejudice (*see People v Caban*, 14 NY3d 369, 375 [2010]; *People v Giuca*, 58 AD3d 750 [2009]). Further, the defendant has not preserved for appellate review his contention that the Supreme Court erred in failing to give the jury limiting instructions pertaining to certain of this evidence (*see* CPL 470.05 [2]). In any event, any error in failing to give the instructions was harmless (*see People v Crimmins*, 36 NY2d at 242; *People v Hospedales*, 71 AD3d 916, 917 [2010]; *People v Giuca*, 58 AD3d at 751).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention was withdrawn at oral argument and, therefore, we do not address it. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.