OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered February 11, 2009, affirmed.
Following an initial trial which resulted in defendant’s acquittal of third-degree sexual abuse (Penal Law § 130.55) and a deadlocked jury and mistrial on a separate count of forcible touching (Penal Law § 130.52), a retrial was ordered on the forcible touching charge. So as to protect defendant’s double jeopardy rights, proof and jury consideration of the intent element of the remaining forcible touching charge upon the retrial was limited to whether defendant’s intention in touching the victim was for the purpose of “degrading or abusing” her (Penal Law § 130.52), with the court’s order precluding consideration of the sexual gratification prong of the statute.
Defendant’s conviction of forcible touching upon the retrial was supported by legally sufficient evidence and was not against the weight of the evidence. We find no basis to disturb the jury’s credibility determinations. The intent element of forcible touching, as limited by the prior court order and as (properly) charged to the jury, was firmly established by the credited testimony of the victim and the arresting police officer (who witnessed the entire sordid incident) as to the nature and circumstances of the unwanted grinding and “pok[ing]” endured by the victim on the crowded subway train. The jury could justifiably infer from defendant’s actions and the surrounding circumstances that his conduct was actuated by an intent to degrade or humiliate the victim (see People v Wagner, 72 AD3d 1196, 1197 [2010], lv denied. 15 NY3d 779 [2010]; People *30 v Fuller, 50 AD3d 1171, 1175 [2008], lv denied 11 NY3d 788 [2008]; see generally People v Bracey, 41 NY2d 296, 301 [1977]).
We find unavailing defendant’s challenge to the prosecutor’s summation since the challenged remarks, viewed in context with the statements made by defense counsel during summation, were fair comment on the evidence and did not misstate the applicable law (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]). Moreover, the prosecutor told the jury to listen to the court’s instructions on the law and the court properly instructed the jury on the elements of forcible touching (see People v Galloway, 54 NY2d 396 [1981]; People v Stanley, 254 AD2d 507 [1998], lv denied 92 NY2d 1039 [1998]).
Finally, the victim’s status as an assistant district attorney in the office that prosecuted the case did not, standing alone and in the absence of any “particularized showing of prejudice” (People v Seymour, 225 AD2d 487, 488 [1996]; see Matter of Schumer v Holtzman, 60 NY2d 46, 54-55 [1983]), warrant the grant of defendant’s motion to disqualify the District Attorney’s office.
Lowe, III, EJ., Schoenfeld and Hunter, Jr., JJ., concur.