People v Stone (2020 NY Slip Op 00323)





People v Stone


2020 NY Slip Op 00323


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

108325 108627

[*1]The People of the State of New York, Respondent,
v
Robert A. Stone, Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Devine, J.
Appeals (1) from a judgment of the County Court of Cortland County (Campbell, J.), rendered January 14, 2016, upon a verdict convicting defendant of the crimes of unlawful manufacture of methamphetamine in the third degree, conspiracy in the fifth degree and criminally using drug paraphernalia in the second degree, and (2) by permission, from an order of said court, entered July 1, 2016, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
On the morning of August 12, 2014, law enforcement officials executed an arrest warrant against defendant and found him at a trailer he lived in with his girlfriend, codefendant Andrea Quaile. Quaile consented to a search of the trailer after defendant's arrest, and officers found items used to manufacture, package and sell methamphetamine. Defendant and Quaile were charged in separate indictments with unlawful manufacture of methamphetamine in the third degree, conspiracy in the fifth degree and criminally using drug paraphernalia in the second degree. The indictments were joined for trial and, following that trial, a jury found both guilty as charged. County Court sentenced defendant to a prison term of two years and postrelease supervision of one year upon the unlawful manufacture of methamphetamine in the third degree conviction and to lesser concurrent sentences upon the remaining convictions. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL article 440 motion to vacate it.
Defendant first argues that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Inasmuch as defendant failed to renew his motion for a trial order of dismissal after the presentation of his case, his legal sufficiency argument is unpreserved for our review (see People v Hines, 97 NY2d 56, 61 [2001]; People v Saunders, 176 AD3d 1384, 1385 [2019]). We will nevertheless consider "whether the elements of the charged crimes were proven at trial beyond a reasonable doubt" (People v Saunders, 176 AD3d at 1385) in "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" to assess whether the verdict was against the weight of the evidence (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 643-644 [2006]). We therefore turn to that review.
Defendant expends the most effort in challenging his conviction for unlawful manufacture of methamphetamine in the third degree, which requires proof that he "possesse[d] at the same time and location, with intent to use, or knowing that another intends to use[,] each such product to unlawfully manufacture, prepare or produce methamphetamine: . . . [t]wo or more items of laboratory equipment and two or more precursors, chemical reagents or solvents in any combination" (Penal Law § 220.73 [1]; see Penal Law § 220.00 [16]; People v Durfey, 170 AD3d 1331, 1332 [2019], lv denied 34 NY3d 980 [2019]). Inasmuch as defendant was not in physical possession of any of the seized items, the People were further required to show "that defendant constructively possessed the items by showing that he exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v Alberts, 161 AD3d 1298, 1300 [2018] [internal quotation marks and citation omitted], lv denied 31 NY3d 1114 [2018]; see People v Maricle, 158 AD3d 984, 986 [2018]).
The officers who executed the arrest warrant at the trailer found defendant and Quaile in the trailer and permitted defendant to get dressed before taking him into custody. One of the officers, Lieutenant Troy Boice of the Cortland County Sheriff's Department, smelled a chemical odor that he associated with methamphetamine production. Following defendant's removal, Quaile consented to a search of the trailer that resulted in the recovery of a plastic bottle stuffed with a tissue in the trailer's bedroom and a burnt piece of aluminum foil in a kitchenette cabinet. There was also a bucket found under the dinette table in the kitchenette, within which were items such as a measuring cup and funnel, rubber tubing, a container of Coleman fuel, a bag of drain cleaner, glue sticks and a small container with a salt-like substance. Boice testified that these items were used in the "one-pot shake-and-bake method" of producing methamphetamine, with the drain cleaner used as a reagent, the Coleman fuel used as a solvent, the aluminum foil used as a catalyst and the rubber tubing, glue sticks and plastic bottle serving as lab equipment. None of these items were under defendant's exclusive control in a small trailer that he shared with Quaile, but that would not preclude a finding of constructive possession inasmuch as possession may be joint and all of the items "were readily accessible and available to defendant" (People v Palin, 158 AD3d 936, 940 [2018], lv denied 31 NY3d 1016 [2018]; see People v Gaston, 147 AD3d 1219, 1220 [2017]). Moreover, although no methamphetamine or precursor chemicals were found in the trailer, that absence was itself telling since business records admitted at trial showed that defendant and Quaile had each purchased allergy medication containing pseudoephedrine, a precursor, a few days before the search.[FN1] Defendant's criminal intent could be inferred from those purchases and the fact that officers found a metal scale and small baggies in the trailer that could be used to weigh and package illicit drugs for sale (see e.g. People v Yerian, 163 AD3d 1045, 1048 [2018]; People v Harvey, 96 AD3d 1098, 1100 [2012], lv denied 20 NY3d 933 [2012]).
Defendant pointed out, among other things, the absence of positive drug test results on the items found and the conflicting testimony regarding the precise role some of the items played in producing methamphetamine. A different verdict would have been reasonable due to those issues but, after according deference to the jury's assessment of credibility, we cannot say that the conviction for unlawful manufacture of methamphetamine in the third degree was against the weight of the evidence (see People v Alberts, 168 AD3d at 1301). In view of that conviction, as well as the facts that defendant and Quaile shared the trailer where the scale and other items were recovered and made nearly simultaneous purchases of allergy medication containing pseudoephedrine, the convictions for conspiracy in the fifth degree and criminally using drug paraphernalia in the second degree were also not against the weight of the evidence (see Penal Law §§ 105.05 [1]; 220.50 [3]; Public Health Law § 3306; People v Serra, 293 AD2d 338, 338 [2002], lv denied 98 NY2d 681 [2002]).
We do agree with defendant that his right to confront the witnesses against him was violated by the admission into evidence of a statement by Quaile. The statement of a codefendant may ordinarily be introduced at a joint trial if the jury is instructed to consider the statement against the codefendant alone (see People v Stone, 29 NY3d 166, 172 [2017]; People v Cedeno, 27 NY3d 110, 116-117 [2016], cert denied ___ US ___, 137 S Ct 205 [2016]; People v Pagan, 87 AD3d 1181, 1183-1184 [2011], lv denied 18 NY3d 885 [2012]). Where the codefendant's statement facially incriminates a defendant, however, its use will violate the right of confrontation afforded by the Sixth Amendment (see Richardson v Marsh, 481 US 200, 206 [1987]; Bruton v United States, 391 US 123, 135-136 [1968]; People v Johnson, 27 NY3d 60, 68-69 [2016]; People v Cedeno, 27 NY3d at 117). Redactions may ameliorate that problem, but even a redacted statement is inadmissible if it contains "obvious indications that it was altered to protect the identity of a specific person" and continues to make it "immediately apparent that the statement, standing alone, implicate[s] the defendant" (People v Cedeno, 27 NY3d at 120; see Gray v Maryland, 523 US 185, 192-197 [1998]; People v Wheeler, 62 NY2d 867, 869 [1984]).
Here, although Quaile's statement was redacted, the jury was allowed to see where portions were blacked out and, given that the statement focused upon defendant's arrest and the items found in the trailer, there were "obvious indications that it was altered to protect the identity of a specific person," namely, defendant (People v Cedeno, 27 NY3d at 120; see People v Wheeler, 62 NY2d at 869; People v Pinto, 56 AD3d 956, 958 [2008]). The redacted statement further advised the jury that defendant was Quaile's live-in boyfriend, that she did not know what the plastic bottle and tissues found in their bedroom were used for, that she did not know how to make methamphetamine and that she "did not know the answers" to some of Boice's questions at the trailer. When those comments are considered in tandem with the location of the blacked-out text in the statement, they can "only be read by the jury as inculpating defendant" by suggesting that he had the information and know-how that Quaile lacked and was involved in the charged crimes (People v Wheeler, 62 NY2d at 869; see People v Cedeno, 27 NY3d at 120-121; People v Johnson, 27 NY3d at 69-70; People v Russo, 81 AD3d 666, 667 [2011], lv denied 17 NY3d 809 [2011]). The admission of the statement therefore violated defendant's right to confront the witnesses against him. In view of County Court's failure "to give the critical limiting instruction that the jury should not consider the statement itself against anyone but" Quaile, as well as the lack of methamphetamine in the trailer or test results tying the items found in the trailer to methamphetamine production, we cannot say that the evidence against defendant is overwhelming or " that 'there is no reasonable possibility that the erroneously admitted [statement] contributed to the conviction'" (People v Cedeno, 27 NY3d at 122, quoting People v Hamlin, 71 NY2d 750, 756 [1988]; see People v Stone, 29 NY3d at 171).[FN2] Thus, the error is not harmless, and a new trial is required.
Finally, defendant's constitutional challenges to Penal Law § 220.73 are unpreserved for our review (see People v Graham, 93 NY2d 934, 935 [1999]; People v Lancaster, 143 AD3d 1046, 1052 [2016], lv denied 28 NY3d 1147 [2017]). His remaining contentions, both on his direct appeal and his appeal from the order denying his CPL article 440 motion, are rendered academic by the need for a new trial. In the interest of streamlining proceedings upon remittal, however, we note that his contention regarding County Court's denial of his suppression motion lacks merit.
Lynch, J.P., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.



Footnotes

Footnote 1: County Court properly admitted those records into evidence under the business records exception to the hearsay rule, as a sufficient foundation was laid for their admission and they were relevant to show that defendant intended to make methamphetamine with the items found in the trailer and conspired with Quaile to do so (see People v Kennedy, 68 NY2d 569, 579-580 [1986]; People v McKissick, 281 AD2d 212, 212-213 [2001], lv denied 96 NY2d 921 [2001]).

Footnote 2: County Court instructed the jury not to consider the redactions in the statement, but did not make the essential point that it could not be considered against defendant at all.